UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SMARTPRICE.COM, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| VS. | ) | Civil Action No.  SA-07-CV-087-XR |
| | ) | |
| LONG DISTANCE SERVICES, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**ORDER**

On this date, the Court considered Plaintiff's Application for Confirmation of Arbitrator's Award ("Application for Confirmation").  After Defendant failed to respond, Plaintiff filed a motion for default judgment. Due to the unique nature of Applications for Confirmation under the Federal Arbitration Act ("FAA"), the Court will characterize Plaintiff's Application for Confirmation as an unopposed motion for summary judgment.  For the reasons discussed below, after carefully reviewing the merits of the motion, the Application for Confirmation is GRANTED (Docket No. 1), and the motion for default judgment is DISMISSED (Docket No. 5).  The Court will enter Judgment on a separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**I. Factual & Procedural Background**

On January 26, 2007, Plaintiff filed its Application for Confirmation with this Court, including a copy of the contract between the parties and a copy of the arbitrator's award, dated November 8, 2006. Defendant Long Distance Services ("LDS"), a New Jersey Corporation with its principal place of business in New York, was served with a summons and copy of the Application

for Confirmation on March 22, 2007 by the United States Marshal for the Southern District of New York. According to the Application, Plaintiff SmartPrice is a company that provides customer advocacy advice to businesses and consumers of data and phone services in order to acquire the best deals on phone and broadband services. SmartPrice's services are free to the consumer, but it is paid a commission from the various providers. LDS is a telecommunications services provider to whom SmartPrice directed new accounts for telephone service, including long distance service. SmartPrice and LDS entered into an Online Master Agent Agreement ("Agreement"), which provided for commissions to be paid to SmartPrice for accounts sent to LDS.

     LDS breached the agreement by failing to pay SmartPrice all commissions due under the Agreement. The Agreement provided that any action to enforce the terms or conditions of the Agreement, including recovery of damages, would be submitted to arbitration in Austin, Texas. SmartPrice made a demand upon LDS to cure the breach of the agreement by paying all past due commissions. After LDS failed to pay, SmartPrice filed a demand for arbitration with the American Arbitration Association ("AAA"). The arbitrator conducted the hearing and issued an Award of Arbitrator ("Award") on November 8, 2006. The Award provided that LDS pay the following amounts to SmartPrice: (1) damages in the amount of $283,134.00, (2) pre-judgment interest in the amount of $2,055.00, (3) attorney's fees in the amount of $6,450.00, (4) fees and expenses of the AAA and the arbitrator in the amount of $5,260.00, and (5) post-judgment interest in the amount of 6% per annum on all the previous amounts. After the arbitrator issued the Award, SmartPrice send a demand letter to LDS requesting compliance with the terms of the Award. As of the date of the filing of the Application, LDS has paid SmartPrice $5,000.00 of this amount. SmartPrice filed this Application of Confirmation of the Arbitrator's Award pursuant to Section 9 of the FAA, 9 U.S.C.

§ 9, and it seeks an award of costs. Although LDS was served with a copy of the summons and Application on March 22, 2007, it never filed a response. SmartPrice filed a motion for default judgment on April 13, 2007.

## II. Legal Analysis

A party to an arbitration proceeding may file an application to confirm an arbitration award with an appropriate federal district court. Section Nine of the FAA states the following:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding . . . . If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.

The district court's review of an arbitration award under the FAA is "extraordinarily narrow." *Prescott v. Northlake Christian School*, 369 F.3d 491, 494 (5th Cir. 2004). Under the FAA, a district court may vacate an award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a); *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 791 (5th Cir.2002). Additionally, in the Fifth Circuit, an arbitration award may be vacated on two non-statutory grounds: if the award displays manifest disregard of the law or is contrary to public policy.

*Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir.2004).

Rule 81(a)(3) of the Federal Rules of Civil Procedure state that in proceedings under the FAA, "these rules apply only to the extent that matters of procedure are not provided for in those statutes." Under the FAA, an Application for Confirmation of Arbitrator's Award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. "Regardless of their designation, the applicable statute makes it unequivocally clear that matters pertaining to arbitration are motions, not actions" for purposes of the Federal Rules of Civil Procedure. *Alstom Power, Inc. v. S&B Engineers & Constructors*, No. 3:04-CV-2370-L, 2007 WL 1284968, *2 (N.D. Tex. April 30, 2007). Thus, Plaintiff's Application, though designated on the docket sheet as a Complaint, constitutes a motion. *See id.* ("That both of these proceedings are docketed by the district clerk as civil actions is of no moment. Such docketing and designation simply employ a clerical procedure used by a number of districts across the nation. Designation of such arbitration proceedings as 'actions,' rather than motions, is a misnomer, but such an error in nomenclature does not change the substantive nature of the filings").

Rule 55, which governs default judgments, does not operate in the context of a motions to confirm arbitration awards. *Id.* (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir.2006)). "As the very name implies, they are motions in an ongoing proceeding rather than a complaint initiating a plenary action." *Gottdiener*, 462 F.3d at 108. The Second Circuit has espoused the following standard to apply in a case such as this:

> We conclude that default judgments in confirmation / vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations

> of one party found in complaints, the judgment the court enters should be based on the record. It does not follow, of course, that the non-movant can simply ignore such a motion. If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it . . . . [T]he petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions . . . . [T]he lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*Id.* at 109-10. The Court will follow this standard because the Fifth Circuit has not spoken to the issue. Thus, the Court will DISMISS Plaintiff's motion for default judgment (Docket No. 5), and it will evaluate Plaintiff's Application for Confirmation as an unopposed motion for summary judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir.1999); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 321 (5th Cir.1998); *Wenner v. Texas Lottery Comm'n*, 123 F.3d 321, 324 (5th Cir.1997), *cert. denied*, 523 U.S. 1073 (1998).

Plaintiff included a copy of the contract between the parties and a copy of the arbitrator's award in his Application for Confirmation. Paragraph 21 of the contract states that " should it become necessary to enforce the terms and conditions of this Agreement, the rights, duties, and obligations of the parties and the validity, interpretation, performance, and legal effect of this Agreement, or to recover damages for a breach of this agreement, the parties hereto agree to enter into arbitration in Austin, Travis County, Texas in accordance with the Arbitration Rules of the American Arbitration Association . . . ." The Agreement was executed by the parties on October 14, 2003. The Court concludes that instant dispute concerning commissions due under the terms of the Agreement was arbitrable pursuant to the FAA. *See* 9 U.S.C. § 3.

Vacatur of arbitral awards under the FAA should occur only in "very unusual circumstances." *First Options of Chicago v. Kaplan*, 514 U.S. 938, 942 (1995). The Application was timely filed in this Court within one year after the Award was made. The Agreement does not specify whether a state or federal court should confirm the arbitral award, so jurisdiction in the United States District Court for the Western District of Texas is appropriate.[1] *See* 9 U.S.C. § 9. Defendant was appropriately served with the Application by the United States Marshal for the Southern District of New York. *See* Docket No. 4. The Court finds no unusual circumstances in this case. The Award of the Arbitrator purports to fully dispose of all claims between the parties. The Court has no reason to conclude that the award should be vacated on statutory grounds. *See* 9 U.S.C. § 10(a). Most of the statutory grounds for vacatur require some form of extrinsic evidence, which is unavailable in this case because Defendant did not respond to the motion. Furthermore, after reviewing the terms

---

[1] The Court also notes that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

of the Agreement and the Award, the Court does not believe that the Award should be vacated on statutory grounds because it displays a manifest disregard of the law or is contrary to public policy. Although the Fifth Circuit allows a district court to consider "all the information available to the court" on review for manifest disregard, no evidence or argument on this legal issue has been submitted. Because Plaintiff's Application for Confirmation was unopposed, "confirmation of the entire arbitral award is appropriate." *Gottdiener*, 462 F.3d at 112. The Court finds that summary judgment is appropriate in this case. Plaintiff's Application for Confirmation is GRANTED (Docket No. 1). As the prevailing party, Plaintiff is entitled to costs. FED. R. CIV. P. 54(d)(1). The Court will enter Judgment on a separate document pursuant to Rule 58.

It is so ORDERED.

SIGNED this 4th day of May, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE